IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 13-cv-0660-MJR-SCW |
| ) | |
| EVELYN L. WILLIAMS, ) | |
| LVNV FUNDING, LLC, as assignee of ) | |
| Citi-Sears, and ) | |
| LAFONZO NELSON, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM and ORDER**
**REGARDING MOTION FOR DEFAULT JUDGMENT**

REAGAN, District Judge:

On July 11, 2013, the United States of America (USA) filed the above-captioned mortgage foreclosure action in this District Court. The USA sues as mortgagee, acting through the Rural Housing Service or its successor agency, the U.S. Department of Agriculture (formerly known as Farmers Home Administration), and the mortgaged property is located in Cairo, Illinois (within this Judicial District). The complaint names three Defendants, whose interest the USA seeks to terminate: (1) Evelyn Williams, mortgagor; (2) LVNV Funding, LLC (who has a lien on the property via a judgment in the amount of $5584.97, recorded September 25, 2009 in Alexander County, Illinois); and (3) Lafonzo Nelson, "currently renting the subject property" (Doc. 2, p. 3).

Defendants Williams and Nelson waived service and then failed to answer, move or otherwise respond to the complaint by their September 9, 2013 deadline (see Docs. 5, 6). Defendant LVNV was served via publication and failed to answer, move or otherwise respond to the complaint by the October 10, 2013 deadline (see Doc. 7). The USA secured a clerk's entry of default under Federal Rule of Civil Procedure 55(a) as to all three Defendants on October 11, 2013 (Doc. 13). The USA furnished a notice of the clerk's default entries to Defendants (see Doc. 14-2, ¶ 2), in compliance with Local Rule 55.1(a) of this District.

Now before the Court is the USA's October 25, 2013 motion for default judgment under Federal Rule of Civil Procedure 55(b). Federal Rule of Civil Procedure 55(b)(1) governs default judgment motions where the plaintiff's claim is for a sum certain or a sum that can be made certain by computation. Default judgment under Rule 55(b)(1) may be entered by the Clerk of Court or the Judge assigned to the case and is appropriately granted if the defendant is not a minor or incompetent person, the claim is for a sum certain (or sum which can be made certain by calculation), and the plaintiff supplies an affidavit showing the amount due.[1]

The instant case falls within the parameters of Rule 55(b)(1), and the USA's claim is for a sum that can be made certain by computation.

---

[1] Rule 55(b)(2) covers all other cases, must be entered by the Court (not the Clerk), and authorizes the Court to hold a hearing, if needed, to: "(A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter."

The USA has provided an affidavit supporting the requested amount due -- $12,862.67 as of October 23, 2013 "in addition to Plaintiff's attorney fees incurred herein, which are to be fixed by this Court" (Doc. 14-1, p. 2).[2] The proposed order submitted with the USA's motion reflects a slightly different amount due -- $11,902.67 (plus attorney's fees and costs, amounts not specified). The $11,902.67 appears to represent the combined unpaid principal and unpaid interest under the terms of a loan secured by the mortgage, but does *not* include $960 in court costs and title expenses.

Southern District of Illinois Local Rule 55.1(b) requires that any Rule 55(b) motion "contain a statement that a copy of the motion has been mailed to the last known address of the party from whom default is sought." The USA complied with this requirement, using the "last known address of the Defendants in this matter" (Doc. 14-2, p. 1). The Court **DIRECTS** the USA – **by November 4, 2013** -- to similarly provide a copy of this Order to Defendants using the same last known addresses.

The Court hereby sets a **November 18, 2013** deadline for Defendants to file any memorandum opposing the motion for default judgment.

Also on or before **November 18, 2013**, Plaintiff USA shall submit a revised proposed order to the undersigned Judge's proposed document inbox -- MJRpd@ilsd.uscourts.gov – in Word® format. The proposed Order should contain an amount for the total judgment sought (i.e., the Clerk of Court shall enter judgment in favor of Plaintiff USA in the total amount of $_____) *plus* a breakdown of each

---

[2] Although two affidavits were submitted with the default judgment motion, neither addresses attorney's fees.

component comprising that total, and a reference to interest accruing at x rate or y amount. If attorney's fees are sought, the requested amount should be specified in the proposed order, and a supplemental affidavit supporting that amount should be filed by **November 18, 2013**.

    IT IS SO ORDERED.

    DATED October 28, 2013.

                                        s/***Michael J. Reagan***
                                        Michael J. Reagan
                                        United States District Judge